The Honorable Mike Todd State Senator 333 West Court Street Paragould, Arkansas 72450
Dear Senator Todd:
This is in response to your request for an opinion on the status of charitable bingo in Arkansas. Your specific questions involve bingo games conducted by a Catholic church. The church has recently been informed by the Police Chief that the bingo activities at the church could lead to prosecution by law enforcement officials. You note that the games are "voluntarily [sic] only and seek only donations from players." Players who do not make donations are allowed to participate. All net proceeds from the operation of the games are used to support the elementary school operated by the church. You have three questions in this regard, which are as follows:
 (1) Under what circumstances are the operation of bingo games allowed in the State of Arkansas?
 (2) May a charitable organization such as a church or church-supported school conduct bingo games where the participants are asked only for donations and where the participants are not required to make a donation in order to play?
 (3) In legislation dealing with charitable bingo or bingo conducted by charitable organizations, what constitutes a charitable organization?
In response to your first question, it is my opinion that as long as consideration is paid for a chance to win a prize (i.e., the elements of a "lottery" are present) the bingo game is unlawful in Arkansas. See generally, Op. Att'y Gen. 93-305 (copy enclosed).
In response to your second question, I have enclosed a copy of Op. Att'y Gen. 91-162 which answers this question in the negative. Opinion 93-305 also notes a Pulaski County Chancery Court decision to this effect. Although neither of these opinions involved charitable organizations, there is no exemption from the prohibition against lotteries for such organizations. SeeState v. Bass, 224 Ark. 976, 277 S.W.2d 479 (1955).
In response to your third question, there currently is no "legislation" authorizing charitable bingo in Arkansas. There is thus no definition of a "charitable organization" applicable in such instance. As is noted in Opinion 93-305, however, there is currently a proposed constitutional amendment referred by the General Assembly to the people on the subject of charitable bingo. This amendment is scheduled to appear on the November general election ballot unless it is removed therefrom by virtue of litigation which has been filed, and which is currently pending, to remove it. See Walmsley v. McCuen (Pulaski County Chancery Court, 4th Div. No. 94-4645). The definition of an "authorized organization" under the proposed amendment means "any non-profit tax exempt religious, educational, veteran's fraternal, service, civic, medical, volunteer rescue service, volunteer fire fighter's organization, or volunteer police organization which has been issued a current license to conduct a bingo game as provided for by law." See HJR 1013(c).
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
Enclosures